The HASSAYAMPA STEERING COMMITTEE; and Maricopa County, Arizona, Plaintiffs,

v.

The STATE OF ARIZONA, et al., Defendants.

No. CIV 89–0188 PHX RCB.

United States District Court, D. Arizona.

May 3, 1991.

---

**11.** In making this determination, the Court in no way suggests whether the grievance in this case was untimely filed under Article VIII, Section 5, of the contract and therefore barred from arbitration. That remains a matter of procedural arbitrability for the arbitrator to decide.

698

Eugene D. Cohen, Lawrence G.D. Scarborough, Brown & Bain, P.A., Phoenix, Ariz., for plaintiffs.

Curtis D. Ensign, Phoenix, Ariz., for Anocad Plating & Painting Co., Inc.

Norman D. James, Ryley, Carlock & Applewhite, Linda J. Pollock, Asst. Atty., General Office of the Atty. Gen., Phoenix, Ariz., for State of Ariz.

Russell A. Kolsrud, Perry, Pierson & Kolsrud, Phoenix, Ariz., Mark Airola, Environmental Counsel, Cooper Industries, Houston, Tex., for McGraw–Edison Co.

Seymore Sacks, Sacks, Tierney, Kasen & Kerrick, P.A., Phoenix, Ariz., for Megadyne Corp.

Jay M. Martinez, Richard C. Cole, Jr., Steven B. Bennett, Martinez & Curtis, P.C., Phoenix, Ariz., for Phil's Pumping & Elec. Rooter Service, Inc.

John B. Marron, Arizona Distribution Services, Inc., Phoenix, Ariz., for Arizona Distribution Services, Inc.

Joseph A. Drazek, Charles E. Jones, Jennings, Strouss & Salmon, Phoenix, Ariz., for Arizona Petroleum Contractors and Consultants, Inc.

Robert J. Cruse, Cruse & Firetag, Phoenix, Ariz., for Arizona Sewer Service, Inc., and Fred's Pumping Service, Inc.

William T. Keane, William T. Keane, P.C., Phoenix, Ariz., for Bean & Co.

Kenneth A. Hodson, Robbins & Green, P.A., Phoenix, Ariz., for Berset Cesspool Service and Best Way Sewer & Drain Service.

E. William Hutton, Browning–Ferris Industries, Inc., Houston, Tex., for Browning–Ferris Industries of Arizona, Inc.

Ben C. Pearson, Phoenix, Ariz., for Bud's Oil Service, Inc.

Charles J. Muchmore, Nicholas J. Wallwork, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., and John T. Van Gessel, Environmental Counsel, Chemical Waste Management, Inc., OakBrook, Ill., for Chemical Waste Management, Inc., and Universal Waste Control, Inc.

William A. Harrell, Mike Valder, P.C., Phoenix, Ariz., for Farmer's Agdustries, Inc.

Daniel A. Barker, Bonnett, Fairbourn & Friedman, P.C., Phoenix, Ariz., for Dave Fellars Dump Truck Services, Inc.

Larry W. Suciu, Suciu, Donovan & Schmitt, Yuma, Ariz., and Michael J. LaVelle, Allen, Kimerer & LaVelle, Phoenix, Ariz., for Gowan Co.

George R. Sorenson, Sorenson, Moore & Evans, Phoenix, Ariz., for Green Genie Nurseries, Inc.

Steven Feola, Smith and Feola, P.C., Phoenix, Ariz., for Karlson Machine Works, Inc.

E. Calvin Fuchs, Gallagher & Kennedy, P.A., Phoenix, Ariz., and James L. Meeder, Brobeck, Phleger & Harrison, San Francisco, Cal., for Liquid Air Corp.

Jack H. Simon, Allen & Simon, Mesa, Ariz., for Rick's Cesspool Service.

Philip A. Robbins, Robbins & Green, P.A., Phoenix, Ariz., for The Rinchem Co.

Leslie A. Plattner, Plattner, Schneidman & Schneider, P.C., Phoenix, Ariz., for Southwest Distributing Co.

David G. Davies, Phoenix, Ariz., for Technifinish.

Jamie A. Brody, Bonn & Anderson, P.A., Phoenix, Ariz., for Treffers Precision, Inc.

Robert L. Dysart, Bess & Dysart, P.C., Phoenix, Ariz., for Union Carbide Corp.

William P. French, Ann A. Scott Timmer, Scult, Lazarus & French, P.A., Phoenix, Ariz., for Union Mfg., Inc.

Steven B. Weatherspoon, Chandler, Tullar, Udall & Redhair, Tucson, Ariz., for Valley Steel & Supply Co.

H. Theodore Werner, Jr., Chandler, Ariz., and Bruce J. Berger, Spriggs & Hollingsworth, Washington, D.C., for Velsicol Chemical Corp.

Harry M. Beggs, Jeffrey R. Parker, Carson, Messinger, Elliott, Laughlin & Ragan, Phoenix, Ariz., for Wayne Oxygen Co., Inc.

## ORDER

BROOMFIELD, District Judge.

Defendant State of Arizona moves for summary judgment dismissing plaintiffs' claim that the State is liable as an "arranger" under CERCLA § 107(a)(3)[1] for costs related to all hazardous waste deposited at the Hassayampa Landfill. Plaintiffs responded and filed a cross-motion for summary judgment on that issue. Both motions have been fully briefed. In addition, defendant Chemical Waste Management, Inc. filed a response to the State's motion, objecting to the State's construction of this court's order dated October 26, 1990 concerning the transporters' motions for summary judgment. The court heard oral argument on March 4, 1991.

The State contends that it cannot be liable under section 107(a)(3) because: (1) the State did not own or possess the hazardous substance; and (2) the State's regulatory activities did not constitute "arranging" for the disposal of a hazardous substance under the terms of the statute. Plaintiffs deny that liability as an "arranger" requires owning or possessing the hazardous substance or engaging in any particular type of activity in connection with its disposal. Plaintiffs argue that liability depends only upon whether or not the party took an active role in arranging for disposal, and that the State is liable as an arranger under this standard.

The State relies upon two district court decisions holding state agencies' involvement in hazardous waste disposal insufficient to establish liability under section 107(a)(3). *U.S. v. New Castle County*, 727 F.Supp. 854 (D.Del.1989); *State of New York v. City of Johnstown, New York*, 701 F.Supp. 33 (N.D.N.Y.1988). In neither of those cases did the court require actual ownership or possession of the hazardous substance as a prerequisite to liability under this section. Both courts held, however, that a finding of constructive ownership or possession required some nexus or relationship between the defendant and the actual owner of the hazardous substance. *New Castle*, 727 F.Supp. at 872; *Johnstown*, 701 F.Supp. at 36. The courts found no such relationship between the owners

---

1. Section 107(a)(3) of CERCLA imposes liability upon:

any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances....

42 U.S.C. § 9607(a)(3).

of the waste and the state, where the state's role was to direct or permit deposits of the waste at the subject sites.

Plaintiffs attempt unsuccessfully to distinguish *New Castle* and *Johnstown*. First, plaintiffs argue that *Johnstown* erroneously focused on the state's regulatory role in determining that it was not a "person" under the statute. The court in *Johnstown* did not hold, however, that a state could never incur liability under CERCLA when acting in a regulatory capacity, but rather than the state "in this instance" did not have a sufficient nexus with the owner of the hazardous material to have constructive ownership or possession as required by the statute. *Johnstown*, 701 F.Supp. at 36. Nothing in the *Johnstown* opinion indicates the court would have refused to impose arranger liability if the state's regulatory activities had been like those cited as examples in *New Castle*, e.g. owning or operating a facility or depositing the state's own hazardous waste. *New Castle*, 727 F.Supp. at 875.

Plaintiffs also contend that the requirement of a nexus in *Johnstown* and *New Castle* is unsupported by legal authority and inconsistent with the goals of CERCLA. Plaintiffs argue that those courts were wrong in finding that prior decisions imposing arranger liability based on constructive ownership or possession did so on the basis that some nexus existed between the purported arranger and the owner of the waste. Plaintiffs select two of the cases cited in *Johnstown* and *New Castle* and argue that nothing indicates the courts there considered such a relationship to be relevant. The court disagrees. The defendant in *United States v. Northeastern Pharmaceutical & Chemical Co., Inc.* ("*NEPACCO*") was held personally liable because he exercised authority he held by virtue of his position with the corporate owner of the waste to determine where the waste would be disposed of. *NEPACCO*, 810 F.2d 726, 743–44 (8th Cir.1986). Although the court in *United States v. A & F Materials Co., Inc.* did not expressly consider the relationship between the generator and the disposer to whom the generator

sold the waste, underlying that decision is the determination that sale of the waste did not include a transfer of all of the generator's liability for the waste to the disposer. *United States v. A & F Materials Co., Inc.*, 582 F.Supp. 842, 845 (S.D.Ill.1984).

■ Plaintiffs also contend that the State is liable as an arranger even if the court follows *Johnstown* and *New Castle*, because the State's manifest system created the necessary nexus or relationship with the hazardous waste owners. Plaintiffs characterize each manifest as an "agreement" between the hazardous waste disposer and the State. As the State argues, however, the State's issuance of a permit does not constitute an agreement with the permittee. The manifest merely allowed the waste generator or transporter to deposit the waste at Hassayampa and did not require such disposal, even after the manifest was approved. State's Statement of Facts, ¶¶ 12 and 13.

Plaintiffs' arguments may establish that the State's activities constituted "arranging" for disposal, but they fail to establish that the State constructively owned or possessed the deposited wastes. Many of the cases plaintiffs cite are not helpful to deciding that question in this case, because in those cases the purported arranger unquestionably did own the waste. The only question was whether by "selling" the waste, the alleged arranger had ceased to own or possess the waste for purposes of CERCLA liability. The courts there held that a generator's sale of waste constitutes arranging for its disposal under the statute. *United States v. Aceto Agricultural Chemical Corp.*, 872 F.2d 1373, 1381 (8th Cir.1989); *United States v. A & F Materials Co.*, 582 F.Supp. 842, 845 (S.D.Ill.1984); *State of New York v. General Electric Co.*, 592 F.Supp. 291, 297 (N.D.N.Y.1984). The rule as stated by one of these courts is that "[L]iability ends with that party who *both* owned the hazardous waste *and* made the crucial decision how it would be disposed of or treated, and by whom." *A & F Materials*, 582 F.Supp. at 845 (emphasis added.)

Other cases plaintiffs cite are more relevant to determining whether the State constructively owned or possessed the waste in this case. These cases relate to whether a party can become liable for waste the party never actually owned or possessed by virtue of the party's involvement with its disposal. In these cases, however, the alleged arrangers had been given authority by the actual waste owner, either as an employee of the owner corporation or as a broker paid by the owner, to decide on the owner's behalf where and how the waste would be disposed of. *NEPACCO*, 810 F.2d at 744; *United States v. Bliss*, 667 F.Supp. 1298, 1306 (E.D. No.1987); *United States v. Mottolo*, 629 F.Supp. 56, 60 (D.N.H.1984). The control such parties exercised over disposal of the waste amounted to constructive possession of the waste. *NEPACCO*, 810 F.2d at 743.

■ The State in this case was not authorized by any of the actual waste owners to decide on the owner's behalf where and how the waste would be deposited. As noted earlier, the State gave permission through the manifest system for the waste to be deposited at Hassayampa, but the waste owner had other options available, even after the manifest had been approved. State's Statement of Facts, ¶¶ 12 and 13. Thus, the State had no involvement with the disposal until after the generator or transporter had decided to deposit the waste at Hassayampa and submitted a manifest seeking permission to do so. In such circumstances, the generators and transporters cannot be said to have appointed the State to decide on their behalf where the hazardous waste would be deposited. The State's relationship with the actual owners and depositors therefore was insufficient to establish that the State constructively owned or possessed the waste.

■ Plaintiffs rely in their reply upon a case in which a state agency's agreement with the owner of a facility was held to be a sufficient nexus to establish the state's arranger liability. Plaintiffs' Reply in Support of Cross–Motion, at 3–4 (citing *CPC International, Inc. v. Aerojet–General Corp.*, 731 F.Supp. 783 (W.D.Mich.1989)).

Under the agreement, the facility owner paid the state $60,000 and agreed to properly dispose of a particular waste on the site. *CPC*, 731 F.Supp. at 786. The state in turn agreed that it would not hold the facility owner liable for the cost of any remedial action necessary at the site and undertook to operate purge wells on the site. *Id.* The state's failure to operate the purge wells resulted in greatly increased contamination of groundwater. *Id.* The court there held that the state took constructive possession of the hazardous waste, because the state agreed to take full control over disposal of the wastes on the site and operation of the purge wells.

The court finds the facts of this case to be more analogous to the facts of *Johnstown* and *New Castle* than to those of *CPC*. The state in *CPC* entered into an agreement whereby it undertook in exchange for money to assume the responsibilities of the facility owner as well as complete control over disposal at the site. The State thus established a commercial relationship with a particular facility owner sufficient to transfer the owner's relationship to the hazardous waste to the state. No such relationship existed here between the State and any of the generators and transporters.

The State's involvement in the waste disposal in *New Castle* was more pervasive than that of the state in the instant case. The state in *New Castle* was involved in "site selection, planning, design, operations and determining the types of wastes suitable for disposal at the Site." *New Castle*, 727 F.Supp. at 862. Hassayampa was a landfill owned and operated by Maricopa County that was made available for the deposit of hazardous waste at the State's request for a limited period of time. State's Statement of Facts, ¶¶ 8–9. The State notified transporters of the availability of the landfill and established the manifest system to screen and track the deposits. State's Statement of Facts ¶¶ 10–11. The State assisted the county in designing the pits into which various types of waste would be directed, but the landfill continued to be operated by the county. Plain-

tiffs' Additional Statements of Fact, ¶¶ 14–15; State's Statement of Facts, ¶ 9. The State's purpose was to avoid the hazards that would be created by the unregulated deposit of hazardous waste. State's Statement of Facts ¶ 11. As in *New Castle*, the State here was simply "attempting to solve the problem of the safe disposal of wastes," as the court described the state's activity in *New Castle*. *New Castle*, 727 F.Supp. at 874.

In *Johnstown*, the state directed into which of two sites depositors were to place hazardous wastes. The court there held that the state was merely "attempting to remediate the hazardous waste problems at both sites." The court held that in such circumstances the state's activities did not provide a sufficient nexus with waste deposits to result in arranger liability. *Johnstown*, 701 F.Supp. at 35–36.

Plaintiffs are correct that personal ownership or possession of the hazardous waste is not a precondition to CERCLA liability. *Id.* Plaintiffs' position that the degree of the State's involvement in establishing and administering the disposal site is alone sufficient to establish arranger liability, however, would have the court virtually ignore the language of the statute requiring that the alleged arranger at least constructively own or possess the waste in addition to arranging for its disposal. The standard established by prior case law for determining when a non-generator will be constructively held to have owned or possessed the waste requires that the alleged arranger have some nexus with the actual owner, usually evidenced by having the authority to decide on behalf of the owner where the waste would be deposited. Except for the location within the Hassayampa site, the State had no such authority here. The generator made the determination to transport to Hassayampa. Therefore, the State's motion for summary judgment will be granted, and plaintiffs' cross-motion will be denied.

Plaintiffs have moved to strike responses 2, 5, 7, 14 and 15 of the State's controversion to plaintiffs' counterstatement of facts on the ground that these responses do not reference specific facts in the record and thus do not comply with Local Rule 11(*l*)(1). The motion is well-taken and will be granted.

IT IS ORDERED granting the State's motion for summary judgment on the issue of the State's liability as an "arranger" under CERCLA section 107(a)(3) (Doc. No. 710).

IT IS FURTHER ORDERED denying plaintiffs' cross-motion for partial summary judgment on the same issue of the state's liability as an "arranger" under CERCLA section 107(a)(3) (Doc. No. 747).

IT IS FURTHER ORDERED granting plaintiffs' motion to strike portions of the State's controverting fact statements regarding the cross-motions for summary judgment on "arranger" liability (Doc. No. 784).