610 F.Supp. 4 (1985)
STATE OF MISSOURI, Plaintiff,
v.
INDEPENDENT PETROCHEMICAL CORP., et al., Defendants.
No. 83-2670C(2).
United States District Court, E.D. Missouri.
January 8, 1985.
Paul Otto, Shelley Woods, Robert Lynn, David A. Taylor, Asst. Attys. Gen., Jefferson City, Mo., for plaintiff.
F. William McCalpin, Shaw, Howlett & Schwartz, Ted L. Perryman, John J. Cole, St. Louis, Mo., Joseph M. Spivey, III, Richmond, Va., and Donald L. Schlapprizzi, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on the motion of defendant Syntex Agribusiness, Inc. (Agribusiness) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).
This litigation arises out of the disposal of 2, 3, 7, 8-tetrachlorodibenzo-p-dioxin, a hazardous substance that has unfortunately become a household name: dioxin. The State of Missouri filed this lawsuit under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA), 42 U.S.C. §§ 9601-9657, and, through the exercise of this Court's pendent jurisdiction, also asserts a claim based on the Missouri common law of public nuisance. The state seeks to recover costs of removal and other remedial acts incurred by it as a result of the activities of the defendants.
Specifically, the State of Missouri alleges Agribusiness is liable for costs associated with the clean up of the Minker hazardous waste site. Missouri premises Agribusiness's liability of 42 U.S.C. § 9607(a) which imposes liability on those who "arranged for [the] disposal ... of hazardous substances ... at any facility ... containing such hazardous substances ... from which there is a release...." Missouri alleges that Agribusiness is liable because its corporate predecessors arranged to have certain waste removed from its property. Missouri avers that Agribusiness's predecessors arranged to have the dioxin disposed of at "a facility (Bubbling Springs *5 Ranch) from which it was reasonably foreseeable that material would have to be removed, and from which removal to an unsafe facility could have been prevented." The plaintiff Missouri further asserts that "[t]he hazardous substance was subsequently deposited at another facility (Minker/Stout Romain Creek Site) from which there was and continues to be a release or threat of release of a hazardous substance ... which is causing and will continue to cause the incurrence of response costs." Plaintiff seeks costs in cleaning up the Minker site.
Agribusiness argues that plaintiff has not stated a claim upon which relief may be granted. Defendant maintains that because plaintiff did not allege that it arranged for disposal at the site for which response costs are sought, plaintiff has failed to state a claim. Defendant argues that it is not liable for the Minker site because it arranged, under the allegations of the complaint, to have the waste disposed of at the Bubbling Springs Ranch not the Minker site.
Agribusiness's argument is without merit. CERCLA imposes liability upon those who arranged for the disposal of hazardous substances which were released. The term release is defined to be any "spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping or disposing into the environment...." 42 U.S.C. § 9601(22).[1] Under this broad definition of release, the hazardous waste originally disposed of at the Bubbling Springs Ranch was released into the environment when it was transported to and disposed of at the Minker site. Thus, the State may seek to recover response costs in cleaning up the Minker site in that this site was the depository of the first release from the Bubbling Springs Ranch. Plaintiff, therefore has presented a cognizable claim under CERCLA. Defendant, of course, remains free to assert at trial any of the affirmative defenses listed in 42 U.S.C. § 9607(b).
Accordingly,
IT IS HEREBY ORDERED that the motion of defendant Syntex Agribusiness, Inc. to dismiss be and is DENIED.
NOTES
[1] There are four statutory categories of exemption from this broad definition, none of which are applicable to the issues presented by defendant's motion.