829 F.Supp. 1078 (1992)
UNITED STATES of America, Plaintiff,
v.
ARROWHEAD REFINING COMPANY, et al., Defendants.
ARROWHEAD REFINING COMPANY, et al., Third-Party Plaintiffs,
v.
Rodney A. ANDERSON, et al., Third-Party Defendants.
Civ. No. 5-89-0202.
United States District Court, D. Minnesota, Fifth Division.
December 21, 1992.
*1079 *1080 Jerome Gilbert Arnold, Larson Huseby Brodin Davis & Arnold, Duluth, MN, Mary Ellen Carlson, U.S. Atty. Office, Minneapolis, MN, Peter W. Colby, Atty., U.S. Dept. of Justice, Land & Natural Resources Div., Environmental Defense Sect., Janet Katz, U.S. Dept. of Justice, Torts Branch, Civ. Div., Alice Crowe, Patricia L. Sims, U.S.E.P.A., Alan Held, Nancy J. Spencer, Robin L. Juni, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, Terence Paul Branigan, U.S.E.P.A., Region V, Chicago, IL, Greer S. Goldman, U.S. Dept. of Justice, Environmental Defense Sect., Washington, DC, for the U.S.
Dennis M. Coyne, Fredrikson & Byron, Minneapolis, MN, for Arrowhead Refining Co., Orval Kemp and William A. Heino.
Craig D. Diviney, Steven M. Christenson, Becky A. Comstock, Dorsey & Whitney, Minneapolis, MN, for Armco.
Ronald John Fischer, Stephan K. Todd, William J. Kabbert, II, U.S.X. Corp., Pittsburgh, PA, for U.S.X. Corp.
Gilbert Woodward Harries, Hanft Fride O'Brien Harries Swelbar & Burns, Duluth, MN, for the Eveleth Taconite.
*1081 Thomas Raymond Thibodeau, Johnson Killen Thibodeau & Seiler, Duluth, MN, Joseph W. Klein, Roberta W. Thomas, Reed Smith Shaw & McClay, Pittsburgh, PA, Alice C. Saylor, Duluth Missabe & Iron Range Ry. Co., Monroeville, PA, for Duluth Missabe & Iron Range Ry. Co.
Susan Mary Swift, Frank Allen Dvorak, MacKall Crounse & Moore, Minneapolis, MN, for Hibbing Taconite Co., Bethlehem Steel Corp., Pickands Mather & Co. and Ontario Hibbing Co.
Lawrence C. Brown, Delmar R. Ehrich, John Bennett Gordon, Lori Ann Wagner, Faegre & Benson, Minneapolis, MN, for Fred H. Bame and Gopher Rubber Cote.
Michael Wayne Lien, Stauber & Lien Law Office, A. Charles Olson, Duluth, MN, for Rodney A. Anderson.
David Russell Oberstar, Fryberger Buchanan Smith & Frederick, Duluth, MN, for Arrow Chevrolet, Arrowhead Tree Service, Inc., Arrowhead Equipment Co., Edgewater Service, Inc., Brian Livingston, Lucky Sales & Service, Donald R. Nolin, PFL, Inc., West End Iron & Metal Corp., Wilderness Exp., Inc., Plaza Dodge, Inc., Sawyer County, Wis.
John Mark Colosimo, Greenberg Colosimo & Patchin, Virginia, MN, for Aurora Schools-ISD 691 and Biwabik Schools-ISD 693, Klimek Enterprises, Inc., ISD No. 2711 Mesabi East.
Robert H. Magie, Crassweller Magie Andresen Haag & Paciotti, Duluth, MN, for Bend Tec, Inc., Como Oil Co., Lowell K. Venberg, Albert Leustek, Modern Constructors, Inc., North Country Equipment, Inc., Meierhoff, Inc.
Bryan N. Anderson, Crassweller Magie Andresen Haag & Paciotti, Duluth, MN, for Edgar E. Holmes, William A. Holecek, Aug G. Garay, Leonard A. Leger, Service Oil Co. of Duluth.
Mark J. Hanson, Doherty Rumble & Butler, St. Paul, MN, Timothy J. Dolan, Doherty Rumble & Butler, Minneapolis, MN, for Conrad Berg.
Thomas F. Andrew, Brown Andrew Hallenbeck Signoretti & Zallar, Duluth, MN, for Best Oil Co., Inc.
John Carver Richards, III, Trenti Law Office, Virginia, MN, for John Carlson.
Robert Edward Cattanach, Oppenheimer Wolff & Donnelly, St. Paul, MN, for Blandin Paper Co., Continental Motors Volvo-Subaru, Devinck's, Inc., Kapus-Erickson, Inc., Kari Toyota-Jeep-Eagle, Inc., Krenzen Cadillac-Pontiac-Honda-Nissan, Kronlund Motors, Inc., Larson Chevrolet-Oldsmobile, Inc., Messelt's, Inc., Northern Motors, Inc., Oswald Motor Co., Northwoods Ford-Lincoln-Mercury, Rhude Ford, Inc., Ryland Ford, Inc., Sonju Motor, Inc., Swanby-Wilson, Inc., Dow Chemical Corp., Odberg & Ryan Lincoln-Mercury-Saab, Thibert Chevrolet-Buick & Recreational Vehicles, Atlantic Richfield Co., Blandin Wood Products Co., Shell Oil Co., Clusiau Sales & Rental, Inc., Roos Motors, Inc.
Timothy Robert Thornton, Briggs & Morgan, Minneapolis, MN, for BN Transp., Inc.
Lloyd W. Grooms, Jr., Winthrop & Weinstine, St. Paul, MN, for Boise Cascade Corp.
Charles B. Rogers, Briggs & Morgan, Minneapolis, MN, John Bernard Van De North, Jr., David Cardle McDonald, Briggs & Morgan, St. Paul, MN, for Century Motor Freight, Inc.
Joseph James Mihalek, Fryberger Buchanan Smith & Frederick, Duluth, MN, for City of Superior.
Ross F. Plaetzer, Oppenheimer Wolff & Donnelly, St. Paul, MN, for City of Cloquet.
Bryan Franklin Brown, Duluth, MN, for City of Duluth and Duluth Transit Authority.
Terry C. Hallenbeck, Brown Andrew Hallenbeck Signoretti & Zallar, for Cloquet Transit Co., Evert H. Pearson.
Brian E. Humphrey, Howard I. Levine, Miller & Martin, Chattanooga, TN, for Coca-Cola Bottling.
Charles B. Rogers, Briggs & Morgan, Minneapolis, MN, David Cardle McDonald, Briggs & Morgan, St. Paul, MN, for Continental Oil Co., Jelco Bus Co., Ruan Leasing Co., Target Stores.
Paul R. Cooper, pro se.
*1082 Michael Francis Durst, Terri Lee Lehr, David M. Weiby, Witkin Weiby Maki Durst & Ledin, Superior, WI, for Jim Cormier, Phil Cormier, Douglas County, Wis., Leslie Olson, John R. Olson, Reuben Johnson & Sons, Inc., Washington County, Wis., Murphy Oil USA, Inc., City of Ashland, J.R. Jensen & Son, Inc., Hallberg Const. & Supply.
John Edward Rode, Rode Lucas & Schellhas, Minneapolis, MN, for Cummins Diesel Sales.
Charles B. Rogers, David Cardle McDonald, Briggs & Morgan, St. Paul, MN, for Dahlen Transport, Inc. and Duluth Laundry, Inc.
Dennis Leslie O'Toole, Lano Nelson O'Toole & Fecker, Grand Rapids, MN, for David Gildmeister, Tom Paolo, Jim Quiel.
Michael Wayne Lien, Stauber & Lien Law Office, Duluth, MN, for Dave McMillen, Henry Brandengen, Allen Youngberg, Louis Pichetti, Jacob A. Hemmerling, Lynn M. Hammer, Santerre Service, Inc., Thomas R. Stauber, John A. Degrio, Robert Wilson, Raymond J. Turcotte, Howard Udenberg and Vernon K. Anderson.
Terry C. Hallenbeck, Brown Andrew Hallenbeck Signoretti & Zallar, for William N. Nelson, Hermantown Schools-ISD 700 and Lake City Auto Parts Co., Inc., Proctor Schools-ISD 704, Elmer J. Jyring.
Sean E. Hade, Jardine Logan & O'Brien, St. Paul, MN, for Dean Dieren, Ranger Chevrolet-Cadillac-Geo.
Donald Hills, pro se.
Sarah D. Halvorson, Lindquist & Vennum, Minneapolis, MN, Mark Leslie Knutson, Richard L. Bye, Bye Boyd Andersen, Duluth, MN, for Duluth Schools-ISD 709.
Gene Wells Halverson, Halverson Watters Bye Downs Reyelts & Bateman, Duluth, MN, for Duluth, Winnipeg & Pacific Ry. Co.
Duluth Laundry, Inc., Dale W. Rappana, pro se.
Thomas A. Egan, Burnsville, MN, for E.M. Trucks, Inc., Larson Companies Ltd.
Michael William Haag, Crassweller Magie Andresen Haag & Paciotti, Duluth, MN, Cynthia G. Irmer, Leslie Beth Bellas, Squire Sanders & Dempsey, Washington, DC, for Firestone Tire & Rubber Co.
Richard W. Sobalvarro, Donohue Rajkowski, Thomas G. Jovanovich, St. Cloud, MN, for Floyd Hanson and Howard Anderson.
Robert Curtis Pearson, Johnson Killen Thibodeau & Seiler, Duluth, MN, for Fred J. Honer.
Paul F. Wojciak, Wojciak Law Office, Hibbing, MN, for Furlong, Inc.
Brian L. Anderson, Michael P. Carlton, VonBriesen & Purtell, Milwaukee, WI, for General Elec. Co., Richard Sampson.
Gail Nelson Murray, Naughtin Mulvahill & Murray, Hibbing, MN, for General Diesel.
Charles B. Rogers, Thomas A. Larson, Briggs & Morgan, Minneapolis, MN, for Goodyear Tire & Rubber Co.
Delmar R. Ehrich, Faegre & Benson, Minneapolis, MN, for Gopher Oil Co.
Janel Elaine Pozarnsky Laboda, Charles B. Rogers, Briggs & Morgan, Minneapolis, MN, David Cardle McDonald, Briggs & Morgan, St. Paul, MN, for Great Lakes Gas Transmission Co.
Sheldon B. Guren, Guren Law Office, Cleveland, OH, for Great Lakes Towing Co.
Richard Greeley, pro se.
Robert Edward Cattanach, Oppenheimer Wolff & Donnelly, St. Paul, MN, Thomas H. Weaver, Christopher J. Dietzen, Larkin Hoffman Daly & Lindgren, Bloomington, MN, for H & P of Brainerd, Inc.
Trygve Arthur Egge, Egge Law Office, Arden Hills, MN, for Headwater Equipment.
Kenneth David Butler, Joseph V. Ferguson, III, Clure Eaton Butler Michelson Ferguson & Person, Duluth, MN, for Thomas M. Hon, Kenneth A. Truscott, Clifford A. Kolquist and Harry W. Carlson.
Mark Leslie Knutson, Bye Boyd Andersen, Duluth, MN, for H K Enterprises, Inc., Highland Seventy-Six, Inc., Williams Welding Supply Co., Zenith Dredge Co., Voyageur Bus Co., Benna Ford, Inc.
David Gene Schueppert, Bemidji, MN, for Howard Oil Co.
*1083 Jeffrey W. Cook, Winthrop & Weinstine, St. Paul, MN, for Indianhead Truck Line.
Joseph James Mihalek, Fryberger Buchanan Smith & Frederick, Duluth, MN, David P. Morzenti, Morzenti Law Office, Hurley, WI, for Iron County, Wis.
Sean E. Hade, Jardine Logan & O'Brien, St. Paul, MN, Keith W. Dallenbach, Dallenbach Anich & Wartman, Ashland, WI, for Ison Equipment, Inc.
Lawrence Joseph Hayes, Maun & Simon, St. Paul, MN, Walter G. Cowan, Jr., J.C. Penney Co., Denver, CO, for J.C. Penney Co., Inc.
David Russell Oberstar, Fryberger Buchanan Smith & Frederick, Bruce Ecker Coleman, Duluth, MN, for Jeno's, Inc.
Gary E. Persian, Persian MacGregor & Thompson, Minneapolis, MN, for Leo Jugasek, Charles E. Gronseth, Paul M. Mettner, Frank T. Zbaracki, Thomas P. Jugasek.
Sarah D. Halvorson, Lindquist & Vennum, Minneapolis, MN, for KMart Corp.
Steven Lawrence Reyelts, Halverson Watters Bye Downs Reyelts & Bateman, Duluth, MN, for Lahti Motors, Inc. and Lahti Chevrolet & Cadillac.
David Allen Stromgren, Duluth, MN, for Lepak Lumber Co.
Lowell K. Venberg, pro se.
Robert Edward Cattanach, Oppenheimer Wolff & Donnelly, St. Paul, MN, Thomas O. Mulligan, Mulligan Law Office, Spooner, WI, for Link Bros., Inc.
Bruce Ecker Coleman, Duluth, MN, for Marine Iron & Shipbu.
John A. Masog, Masog Law Office, Park Rapids, MN, for McGrave's Motors, Inc., Tom Kostal Ford, Inc., Hillman Jacobson.
Michael William Haag, Crassweller Magie Andresen Haag & Paciotti, Duluth, MN, for Medical Arts Garage, Inc., Oneida Realty Co.
Robert Bryan Jaskowiak, Rider Bennett Egan & Arundel, Minneapolis, MN, Thomas W. Duffy, Duffy Law Office, Hayward, WI, for Midland Garage, Northern Lakes Co-op.
Robert Michael Wasilensky, Burnsville, MN.
Richard Charles Mollin, Mollin Law Office, International Falls, MN, for Roy C. Miller, Bergstrom Oil, Inc.
Roy C. Miller, pro se.
Thomas H. Weaver, Christopher J. Dietzen, Larkin Hoffman Daly & Lindgren, Bloomington, MN, for Mills Motors, Inc.
J. Milton Lund, pro se.
Scott A. Smith, Karen Marie Hansen, Popham Haik Schnobrich & Kaufman, Minneapolis, MN, for Minnesota Power, Superior Water, Light and Power Co.
John E. Graves, Duluth, MN, for Montgomery Ward & Co.
Robert Edward Cattanach, Oppenheimer Wolff & Donnelly, St. Paul, MN, Robert Bryan Jaskowiak, Rachel Kaplan, Rider Bennett Egan & Arundel, Minneapolis, MN, for Moses Chevrolet-Pontiac-Buick.
Allan R. Helstrom, pro se.
George Leslie Carlson, Northwestern Bell Telephone Co., Minneapolis, MN, for Northwestern Bell Telephone Co.
Thomas L. D'Albani, Cann Schmidt Haskell & D'Albani, Bemidji, MN, for Page & Hill Forest Products, Inc.
William Penrose, pro se.
Kenneth David Butler, Clure Eaton Butler Michelson Ferguson & Person, Duluth, MN, for Peterson Bros. Trucking, Omer F. Prudhomme.
Mark F. Ten Eyck, Gerhard Paul Gengel, II, Popham Haik Schnobrich & Kaufman, Larry Dale Espel, Greene Espel, Minneapolis, MN, for Potlatch Corp., Superwood Corp., Erickson Petroleum Corp., Holiday Station Stores, Inc.
William J. Truscott, pro se.
Martha C. Brand, Leonard Street & Deinard, Minneapolis, MN, for Road Machinery & Supplies Co.
Ronald Sorvig, pro se.
Stephen Michael Knutson, James E. Knutson, Thomas Seymour Deans, Knutson Flynn Hetland Deans & Olsen, St. Paul, MN, for Roseau School Dist. No. 682.
Richard Sampson, pro se.
*1084 Daniel C. Murray, Frederick S. Mueller, Daniel A. DuPre, Johnson & Bell, Chicago, IL, for Sears Roebuck & Co.
James D. Robinson, Jr., Murphy Hansen & Robinson, Duluth, MN, for Sivertson Fisheries, Inc.
Steven C. Overom, Maki & Overom, Duluth, MN, for Clarence E. Black, City of Hermantown.
Alan Lee Mitchell, St. Louis County Atty., Duluth, MN, for St. Louis County, Minn.
Robert J. Kay, Kay & Eckblad, Madison, WI, for Kenneth R. Erickson.
Gilbert S. Buffington, Minn. Atty. Gen., Paul Kenneth Kohnstamm, James S. Alexander, Minn. Atty. Gen., St. Paul, MN, for State of Minn. Dept. of Military Affairs.
Sherry A. Enzler, Minn. Atty. Gen., St. Paul, MN, for State of Minn. Dept. of Transp.
John J. Glinski, Wis. Dept. of Justice, Madison, WI, for State of Wis. Dept. of Transp.
William D. Ohara, Jr., Brainerd, MN, for Donald J. Stealy.
Robert Edward Cattanach, Oppenheimer Wolff & Donnelly, St. Paul, MN, Dennis Leslie O'Toole, Lano Nelson O'Toole & Fecker, Grand Rapids, MN, for Robert Tarbuck.
William Dahahy Paul, Mathias & Paul, Duluth, MN, for Texaco H & G, Inc.
Robert W. Thatcher, pro se.
Mary Kay Klein, Bemidji, MN, for Thorson, Inc.
Paul A. Rajkowski, Richard W. Sobalvarro, Donohue Rajkowski, Thomas G. Jovanovich, St. Cloud, MN, for John E. Schneeberger.
Wally C. Hallberg, pro se.
Ralph Harrington Tully, Minneapolis, MN, for Warden Oil Co.
Douglas Arnold Boese, Dunlap Finseth Berndt & Sandberg, Rochester, MN, for Wherley Transfer.
Harry L. Munger, MacDonald Munger Downs & Munger, Duluth, MN, for Zenith Spring Co.
Robert Bryan Jaskowiak, Rider Bennett Egan & Arundel, Minneapolis, MN, for Ziegler, Inc.
Gerhard Paul Gengel, II, Popham Haik Schnobrich & Kaufman, Minneapolis, MN, Michael S. Mostek, McGill Gotsdiner Workman & Lepp, Omaha, NE, Kim B. Murphy, Metz Baking Co., Sioux City, IA, for Zinsmaster Baking Co.
Michael S. Ryan, Daniel A. Haws, Murnane Conlin White & Brandt, St. Paul, MN, for Amoco Corp.
Runar S. Anderson, pro se.
John Carlton Knoepfler, Robins Kaplan Miller & Ciresi, Minneapolis, MN, for Apex Oil Co.
David Emerson McDonald, Jr., Jacobs McDonald Silc McDonald & Fauerbac, Ironwood, MI, Kenneth David Butler, Clure Eaton Butler Michelson Ferguson & Person, Duluth, MN, Joel L. Massie, Massie Law Office, Bessemer, MI, James D. McKenzie, McKenzie Law Offices, Mercer, WI, for "Rocky" Rocovitis.
H.F. Pfremmer, pro se.
Michael A. Klutho, Bassford Heckt Lockhart Truesdell & Briggs, Minneapolis, MN, for Blodgett Chevrolet, Inc.
Thomas Dice Jensen, Lind Jensen & Sullivan, Minneapolis, MN, for Bob Lewis Olds, Inc.
Michael W. McNee, Robert J. McGuire, Kathryn M. Glaeser, Cousineau McGuire & Anderson, Minneapolis, MN, for C.D. Haugen, Inc.
David Emerson McDonald, Jr., Jacobs McDonald Silc McDonald & Fauerbac, Ironwood, MI, Kenneth David Butler, Clure Eaton Butler Michelson Ferguson & Person, Duluth, MN, for Chief Oil Co., Inc.
John Carlton Knoepfler, Robins Kaplan Miller & Ciresi, Minneapolis, MN, for Clark Oil and Refining Corp.
Clyde Amundson, pro se.
Charles B. Rogers, Briggs & Morgan, Minneapolis, MN, Michael R. Goldman, Rudnick & Wolfe, Chicago, IL, for Conwed Corp.
Richard E. Hughes, pro se.
Donald Cameron, pro se.
Remus L. Cossalter, pro se.
*1085 Ernest M. Janckila, Gloria Sorenson, pro se.
Gerald Ewer, pro se.
Mark F. Ten Eyck, Gerhard Paul Gengel, II, Joy Marie Ankeny, Popham Haik Schnobrich & Kaufman, Larry Dale Espel, Minneapolis, MN, for McKesson, Inc.
Frank D. Giacomini, pro se.
George W. Lucia, pro se.
Sarah D. Halvorson, Lindquist & Vennum, Minneapolis, MN, Charles Henry Leduc, Leduc Law Office, Int'l Falls, MN, for Colleen T. Gray.
Sarah D. Halvorson, Lindquist & Vennum, Minneapolis, MN, for William T. Gray, Harvey D. Morgan.
Allen D. Hansen, pro se.
Kenneth David Butler, Clure Eaton Butler Michelson Ferguson & Person, Duluth, MN, for Harbor City Oil Co., Donald B. Anderson, Jr., Clifford A. Kolquist, Ronald W. Kolquist, Edith D. Rogers, Donald B. Anderson, Jr.
Holger A. Nelson, pro se.
Kenneth Allen Knudson, Superior, WI, Richard August Rohleder, Stringer & Rohleder, St. Paul, MN, for Joseph G. McNamara.
Melvin L. Maki, pro se.
Andrew Robert Larson, Walter Llewellyn Davis, Larson Huseby Brodin Davis & Arnold, Duluth, MN, for Kivi Trucking, Inc.
Richard August Rohleder, Stringer & Rohleder, St. Paul, MN, for Keith W. Johnson.
Keith W. Johnson, pro se.
Charles E. Spevacek, Robert L. Graff, Meagher & Geer, Minneapolis, MN, for Korkki Aviation, Inc.
Donn Atanasoff, Krist Oil Co., Iron River, MI, for Krist Oil Co.
Harold Alexander Frederick, Fryberger Buchanan Smith & Frederick, Duluth, MN, Michael Francis Durst, Terri Lee Lehr, David M. Weiby, Witkin Weiby Maki Durst & Ledin, Superior, WI, for Lakehead Constructor.
William Lawrence Stockman, Stockman Law Office, Duluth, MN, for Lakeside Transfer & Service, Inc.
George H. Fisher, Jr., pro se.
Steven Wayne Schneider, Halverson Watters Bye Downs Reyelts & Bateman, Harry L. Munger, MacDonald Munger Downs & Munger, Duluth, MN, for Norman N. Litman.
Henry R. Willemarck, pro se.
Kenneth Allen Knudson, Superior, WI, for M. & C. Oil Co., Joseph W. Mayersak.
Robert Edward Cattanach, Oppenheimer Wolff & Donnelly, St. Paul, MN, John Charles Goodnow, Oppenheimer Wolff & Donnelly, Minneapolis, MN, for Warren Messelt.
Warren Messelt, Orin Messelt, pro se.
Mary K. Mills, Land O'Lakes, Inc., Minneapolis, MN, for Midland Co-op. Corp.
Steven D. Snelling, Moore Costello & Hart, St. Paul, MN, for Miller & Holmes, Inc.
Garrett E. Mulrooney, Maun & Simon, St. Paul, MN, Joel R. Mosher, Ralph K. Phalen, David E. Shay, Shughart Thomson & Kilroy, Kansas City, MO, Mary Rose Alexander, Laurence H. Levine, Cary R. Perlman, Latham & Watkins, Chicago, IL, for Mobil Corp.
Howard L. Norman, pro se.
Robert N. Roningen, Roningen Law Office, Duluth, MN, for Glenn W. Moen.
Maurice Carlsness, pro se.
Garrett E. Mulrooney, Maun & Simon, St. Paul, MN, Mary Rose Alexander, Laurence H. Levine, Cary R. Perlman, Latham & Watkins, Chicago, IL, for Navistar Intern. Transp. Corp.
Howard F. Berg, pro se.
Willis A. Hutchinson, pro se.
Clarence C. Dzuck, pro se.
Elwood E. Bergman, pro se.
James F. Clark, Hibbing, MN, for Phillips Petroleum Co.
Frank T. Zbaracki, pro se.
*1086 Howard G. Spindler, pro se.
Robert Bryan Jaskowiak, Patricia Ann Burke, Rider Bennett Egan & Arundel, Minneapolis, MN, for Texaco, Inc.
Michael W. McNee, Cousineau McGuire & Anderson, Minneapolis, MN, for Transport, Inc.
William Patrick Donohue, University of Minnesota, Minneapolis, MN, for University of Minnesota-Duluth.
Joe A. Walters, Anne M. Meredith-Will, O'Connor & Hannan, Timothy J. Nolan, Rider Bennett Egan & Arundel, Minneapolis, MN, for Unocal Corp.
Roger R. Vine, pro se.
Gary E. Persian, Stephen G. Froehle, Persian MacGregor & Thompson, Minneapolis, MN, for Butch Shulte.
John A. Degrio, pro se.
Robert M. Halvorson, Gislason Dosland Hunter & Malecki, New Ulm, MN, for Associated Milk Producers, Inc.
Barry Lockwood Peterson, Peterson Law Office, Duluth, MN, for William K. Replogle, Jr.
David V. Bjorkland, pro se.
Arthur A. Vogel, William H. Harbeck, Quarles & Brady, Milwaukee, WI, for Gateway Foods of Twin Ports, Inc.
Brian R. McCarthy, Crassweller Magie Andresen Haag & Paciotti, Duluth, MN, for Kolar Buick-GMC Truck, Inc.
William Lawrence Stockman, Stockman Law Office, Duluth, MN, for Merle K. Geving.
Roger J. Swanstrom, pro se.
James W. Meadows, pro se.
Theodore D. Salzer, Superior, WI, for O'Brien Oil Co., Inc.
Mac Stacy, pro se.
John H. Peterson, pro se.
Fred Land Fulmer, Ft. Lauderdale, FL, for Frances R. Serre.
Service Oil Co., Inc., pro se.
John M. Maloney, pro se.
Margaret M. Maloney, pro se.
Robert Wilson, pro se.
Leo L. LaGesse, pro se.
Raymond J. Turcotte, pro se.
Vernon K. Anderson, pro se.
James Barry Peterson, Falsani Balmer Berglund & Merit, Duluth, MN, for Richard W.
Joseph Francis Lyons-Leoni, Trenti Law Office, Edina, MN, for Iron Trail Motors, Inc., Skubic Bros. Co., Skubic Bros., Inc.
Bruce L. Anderson, Lake County Atty., Two Harbors, MN, for Lake County.
Larry Michael Nord, Orman & Nord, Duluth, MN, for Metro Chrysler-Plymouth, Inc.
Bryan N. Anderson, Crassweller Magie Andresen Haag & Paciotti, Duluth, MN, Keith W. Dallenbach, Dallenbach Anich & Wartman, Ashland, WI, for Roffer's Const., Inc.
Mark Murray Nolan, Peter J. McCall, Stapleton Nolan & McCall, St. Paul, MN, Kyle Brown Mansfield, Foley & Mansfield, Minneapolis, MN, Larry Michael Nord, Orman & Nord, Duluth, MN, for City of Two Harbors.
David M. Weiby, Witkin Weiby Maki Durst & Ledin, Superior, WI, for McLean Const. Co., Inc.
Bruce C. deGrazia, Cummins Engine Co., Inc., Columbus, IN, for Cummins Engine Co., Inc.
Wayne David Struble, Marcia Marie Kull, Bowman & Brooke, Minneapolis, MN, Elizabeth Brown, Peter L. Winik, Latham & Watkins, Washington, DC, for Chrysler Corp.

ORDER
MAGNUSON, District Judge.
This matter is before the court on the defendants' and third-party plaintiffs' objections to Magistrate Judge McNulty's Report and Recommendation dated November 10, 1992 granting third party defendant Mobil's motion for summary judgment. Pursuant to statute, the court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1)(B), Local Rule 72.1(c). Based on that review and consideration of the submissions *1087 of the parties, the court adopts the Report and Recommendation.
Accordingly, IT IS ORDERED that:
Magistrate Judge McNulty's Report and Recommendation, dated November 10, 1992 (Clerk Docket No. 1260) is ADOPTED, and
Defendant Mobil Corporation's motion for summary judgment (clerk docket # 960) is GRANTED.

REPORT AND RECOMMENDATION
McNULTY, United States Magistrate Judge.
At Duluth, in said District, this 10th day of November, 1992.
The above-titled case came before the undersigned United States Magistrate Judge, pursuant to special assignment made in accordance with provisions of Title 28 U.S.C. § 636(b)(1)(B), upon motion by Mobil Corporation, a third-party defendant, for an order granting summary judgment.
This is another in the series of dispositive motions filed by various third-party defendants. To serve the Court's convenience on review, oft-related historic facts and legal principles are reiterated.

I.
Arrowhead Refining Company formerly operated a waste oil recycling plant at which waste oil was processed and distilled to remove impurities and produce a product of desired viscosity. The waste oil was collected from storage tanks at service stations, and other sources, by Arrowhead in a tank truck. The purifying process generated waste containing hazardous substances[1] which were deposited in a swampy area adjacent to the plant. The Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, authorizes the Environmental Protection Agency to take direct short-term "response" and long-term "remedial" action[2] with funds from the Hazardous Substance Response Trust (the Superfund), and to seek recovery of response and remedial costs from responsible parties. The United States brought this action against owners and operators of Arrowhead Refining Company (Arrowhead), against its principal officers, and against 12 corporations seeking judgment for recovery of remedial and response costs incurred and to be incurred at the refinery site. The statute enumerates four categories of responsible persons subject to liability for remedial and response costs. Title 42 U.S.C. § 9607(a). Arrowhead, and its principals, are allegedly liable as operators of the facility; and the other defendants are allegedly liable as "generators" of hazardous substances. A "generator" is:
"(3) any person who by contract, agreement or otherwise, arranged for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity...."
Title 42 U.S.C. § 9607(a).
The statute imposes joint and several strict liability for harm which is not indivisible between multiple actors, see, United States v. Parson, 723 F.Supp. 757 (N.D.Ga. 1989); United States v. Chem-Dyne Corp., 572 F.Supp. 802 (D.C. Ohio 1983), and once it is determined that a party falls within the classification of a responsible party, liability attaches without regard to fault or state of mind. See, United States v. Ward, 618 F.Supp. 884, 893 (N.C.1985). The statute further provides that a party allegedly falling within the classification of a responsible person may seek contribution from any other allegedly responsible person who is liable or potentially liable for response and remedial costs. Title 42 U.S.C. § 9613(f)(1). Defendants brought this third-party action against Mobil, seeking contribution to any sums which defendants may ultimately be found liable to the United States upon allegations that Mobil is liable
a. as a generator of hazardous substances. Title 42 U.S.C. § 9607(a)(3) and *1088 the Minnesota Environmental Response and Liability Act (MERLA) Minn.Stats. § 115B.03 subd. 1(b);
b. as a transporter of hazardous substances. Title 42 U.S.C. § 9607(a)(4) and Minn.Stats. § 115B.03 subd. 1(c);
c. under the common law of contribution; and
d. under a theory of unjust enrichment.
Plaintiff has submitted no evidence whatsoever which indicates that Mobil was a responsible person as a transporter of hazardous substances as defined in Title 42 U.S.C. § 9607(a)(4), and concede that liability on any pendant state law claim is dependent upon liability under CERCLA. Our focus, therefore, is upon the claim that Mobil is a responsible party as a generator of hazardous substances, we commence by briefly reviewing our function under Rule 56.

II.
The mechanics of a motion for entry of summary judgment are clear and simple. Movant must come forth with evidence in the form of affidavits, pleadings, deposition testimony, answers to interrogatories or admissions which demonstrate that no genuine issue of material fact exists. Rule 56(c), Federal Rules of Civil Procedure, Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). Once the movant's burden is properly supported, the burden of going forward shifts to the nonmoving party who must come forth with evidence in similar form which designates specific facts demonstrating that a genuine issue of material fact exists. See, Celotex Corp. v. Catrett, supra at 324, 106 S.Ct. at 2553 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). The evidence need not be in a form admissible at trial, but it must be more than colorable and must be significantly probative. Dombrowski v. Eastland, 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) (per curiam); First Nat'l. Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968), reh'g. den., 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968). The applicable substantive law identifies material facts, and the crux of our inquiry is whether the evidence presents sufficient disagreement over a material fact to require resolution by a trier of fact, or whether it is so one-sided that one party must prevail as a matter of law when all reasonable inferences are drawn in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-52, 106 S.Ct. 2505, 2509-12, 91 L.Ed.2d 202 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., supra.

III.
Mobil is in the business of selling petroleum products, and, during the relevant time period, approximately June, 1961 to December, 1976, Mobil products were retailed by service stations bearing the Mobil brand name. The usual practice was for Mobil to own or lease the service station and equipment, which it, in turn, leased or subleased to individuals who operated the businesses as independent entrepreneurs. The leased facility included underground tanks in which to temporarily store used oil removed from customer's automobiles prior to permanent disposal. Arrowhead allegedly scavenged waste oil from storage tanks of about 30 service stations which were operated under leases with Mobil.[3] Third-party plaintiffs seek to impress generator status on Mobil by virtue of Arrowhead's collection of waste oil from the service stations bearing the Mobil brand name and engaged in the retail sale of Mobil products.
In support of this motion, Mobil has presented affidavits from individuals employed as Area or District Managers for periods covering 1959 to 1984. These affidavits, based upon affiant's personal knowledge of Mobil's relationship with all service stations in this area, aver that:
Mobil did not own or operate any of the service stations identified as sources of hazardous substances transported to the Arrowhead site;[4]
Mobil did not own waste or drain oil; *1089 Mobil did not arrange for treatment or disposition of waste or drain oil by arrowhead;
Mobil did not select Arrowhead as a facility for disposal or treatment of waste or drain oil; and
Mobil did not control, direct or otherwise decide how any service station operator would dispose of or treat any of the drain or waste oil at the Arrowhead site or any other facility.
In opposition to the motion, and to sustain the burden of going forward with evidence to establish a genuine issue of material fact, third-party plaintiffs submit two affidavits and an individual third-party defendant's Answers to Interrogatories.
An affidavit by Loren Bruce, Jr. avers that:
He leased a service station and equipment from Mobil from 1968 to 1975;
Mobil provided him with support and products required in the business, he sold only Mobil products, and Mobil offered incentives for lessees to buy larger quantities of oil from Mobil;
Mobil required him to perform oil changes at the service station; and
Ray Frazee, a Mobil representative, consented to having Arrowhead pick up used drain oil from his station.
An affidavit by Clarence E. Dzuck avers that:
He leased a service station from Mobil during 1958 and 1959;[5]
He sold only petroleum products purchased from Mobil;
He never personally called or contacted Arrowhead or anyone else to pick up used drain oil;
Mobil may have made arrangements for waste oil pick up;[6]
If Arrowhead picked up used drain oil from his station, he is without knowledge of who initiated this arrangement;
Mobil expected him to perform all normal service station functions including changing oil.[7]
In Answers to Interrogatories, Evert Pearson, who operated a leased Mobil station from 1955 to February, 1962, avers that:
He never made arrangements for removal of waste oil from the station, and that, as far as he knows, none was ever removed; He feels that if any arrangement for removal of drain oil was made, Mobil would have been responsible for them. [Emphasis added]

IV.
The evidence in opposition to this motion presented by Dzuck's affidavit and Pearson's Answers to Interrogatories is not sufficient to raise a genuine issue of material fact in regard to whether or not Mobil entered into an arrangement, by contract or otherwise, with Arrowhead. Dzuck's affidavit is of questionable relevance, but, in any event, merely states that Mobil may have arranged for a pick up of drain oil. Pearson's Answers to Interrogatories state that, as far as he knows, no drain oil was removed from his station, but that, if it was, he made no arrangement for removal, and, if one was made, Mobil would have made it. To raise a genuine issue of material fact, third-party plaintiffs were obligated to come forth with evidentiary material stating specific facts on personal knowledge which contradicts facts stated in evidence submitted by movant. Lujan v. National Wildlife Federation, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); Williams v. Borough of West Chester, 891 F.2d 458 (3d Cir.1989) (Garth, J., concurring); United States v. Monsanto Co., 858 F.2d 160, 170-71, n. 20 (4th Cir.1988), cert. den., 490 U.S. 1106, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989). Neither of these lessees state material facts of their personal knowledge. They merely relate what they surmise. (Save for Pearson's averment that, to his knowledge, Arrowhead never collected used oil from his station, which creates an *1090 interesting paradox.) The determination of whether or not third-party plaintiffs have demonstrated existence of a genuine issue of material fact regarding Mobil's status as a generator of hazardous substances depends upon the averments of facts made by Loren Bruce.

V.
The word "arranged" as used in Section 9607(a)(3) in the phrase "any person who ..., or otherwise, arranged for disposal ... of hazardous substances owned or possessed by such person, or any other party or entity" is cryptically vague and undefined.[8] To promote the overwhelmingly remedial statutory scheme, however, courts have granted the word and the phrase a very liberal interpretation, see, United States v. Northeastern Pharmaceutical & Chem. Co., 810 F.2d 726, 733 (8th Cir.1986), cert. den., 484 U.S. 848, 108 S.Ct. 146, 98 L.Ed.2d 102 (1987); United States v. Aceto Agr. Chems. Corp., 872 F.2d 1373 (8th Cir.1989), reh'g. den., (1989); Dedham Water Co. v. Cumberland Farms Dairy, Inc., 805 F.2d 1074, 1081 (1st Cir.1986); New York v. Shore Realty Corp., 759 F.2d 1032, 1045 (2d Cir.1985), and the Eighth Circuit has found it advisable to interpret the phrase in the light of CERCLA's two essential purposes, i.e.:
1. To provide immediate tools for prompt and efficient response to problems resulting from hazardous waste disposal, and
2. To assess costs and responsibility for remedying harmful conditions on those responsible for problems caused by disposal of hazardous substances.
See, Northeastern Pharmaceutical & Chem. Co., supra.
Recognizing that the remedial statute is directed towards imposing liability upon those causing the harm which is to be remedied, courts will not permit a party to insulate itself from liability by contract, but will look beyond the parties' characterization of the transaction to ascertain its true nature, and impose liability accordingly, cf., United States v. Aceto Agr. Chems. Corp., supra; Florida Power & Light Co. v. Allis Chalmers Corp., 893 F.2d 1313 (11th Cir.1990); United States v. Conservation Chem. Co., 619 F.Supp. 162, 192 (W.D.Mo.1985); United States v. Ward, supra; State of Missouri v. Independent Petrochemical Corp., 610 F.Supp. 4 (E.D.Mo.1985); United States v. Wade, 577 F.Supp. 1326, 1333 n. 3 (E.D.Pa. 1983). Consequently, liability as a generator of a hazardous substance has been imposed upon a party who sells or delivers a product containing a hazardous substance to a second party, who, in turn, disposes of the hazardous substance, where the first party retains an ownership interest, or authority to control disposal; or where common law would impose vicarious liability for the abnormally dangerous act of the second party; or where hazardous waste is generated, and is disposed of, in the course of a process performed by the second party for the first party's benefit. See, e.g., United States v. Aceto Agr. Chems. Corp., supra at 1380-82; Levin Metals Corp. v. Parr-Richmond Terminal Co., 781 F.Supp. 1448 (N.D.Cal.1991).
By the same token, liability as a generator of a hazardous substance will not be imposed upon a party whose acts or actions do not demonstrate some responsibility for the decision on disposition of a hazardous substance. Cf., United States v. Aceto Agr. Chems. Corp., supra; Florida Power & Light Co. v. Allis Chalmers Corp., supra; CPC Int'l. Inc. v. Aerojet-General Corp., 731 F.Supp. 783 (W.D.Mich.1989); Edward Hines Lumber Co. v. Vulcan Materials Co., 685 F.Supp. 651 (N.D.Ill.1988), aff'd., 861 F.2d 155 (7th Cir.1988), reh'g. den., (1988); United States v. A & F Materials Co., Inc., 582 F.Supp. 842 (S.D.Ill.1984). This connection is referred to as nexus, and the pertinent nexus inquiry tests whether or not the party assumed, or had the obligation to assume, responsibility for the critical decision on disposal of the waste product. Cf., Northeastern Pharmaceutical & Chem. Co., supra at 743; CPC Int'l. Inc. v. Aerojet-General *1091 Corp., 759 F.Supp. 1269, 1278 (W.D.Mich. 1991).
The necessary nexus is easily found in instances where a party took affirmative action which resulted in deposit or treatment at a site which ultimately resulted in release of the hazardous substance, cf., United States v. Consolidated Rail Corp., 729 F.Supp. 1461, 1472 (E.D.Del.1990), or where the party retained the authority to control the handling and disposition of a hazardous substance and, by failing to act, in effect, decided upon the disposition by negative personal involvement. Cf., Northeastern Pharmaceutical & Chem. Co., supra at 743; Allied Towing v. Great Eastern Petroleum Corp., 642 F.Supp. 1339, 1350 (E.D.Va.1986); United States v. A & F Materials Co., supra at 845. Other circumstances require analysis of basic concepts. Nexus is, in common terms, merely a connection between the potentially responsible party and the disposal of the hazardous waste. Cf., Jones-Hamilton v. Beazer Materials & Services, 959 F.2d 126 (9th Cir.1992); United States v. Aceto Agr. Chems. Corp., supra; Levin Metals v. Parr-Richmond Terminal Co., supra; Hassayampa Steering Committee v. State of Ariz., 768 F.Supp. 697 (D.Ariz. 1991). Nexus, therefore, must be predicated upon the parties' conduct with respect to disposal of the hazardous waste.
The numerous published cases clearly indicate that in each instance the court must engage in a fact specific inquiry to determine whether or not the action of the party sought to be charged as a generator of a hazardous substance provides the necessary connection between that party's conduct and the disposal of hazardous waste,[9] but guidance pertaining to pertinence of particular facts is provided by a recent Second Circuit case which posed facts remarkably similar to the facts in this case. See, General Elec. Co. v. AAMCO Transmissions, Inc., 962 F.2d 281 (2d Cir.1992). AAMCO was aftermath to a CERCLA response recovery action brought against H. Eugene Wray, General Electric and other defendants. Wray operated a waste oil business, and, in the course of that business, collected used oil from General Electric, several other major corporations, and several hundred automobile dealerships, garages and service stations. The waste oil was transported by Wray to a site located in a fresh water wetlands. After leakage occurred, a CERCLA action was commenced, and the action was settled by entry of a Consent Judgment which specifically permitted General Electric to pursue contribution actions against potential responsible parties who had not participated in the Consent Judgment. General Electric commenced action against 30 service stations, and against three major oil companies which had leased service station facilities and sold petroleum products to the service station defendants. A motion for summary judgment by the major oil companies was granted, and General Electric appealed. General Electric's major contention was that the phrase "otherwise arranged" should be interpreted to include entities that had the ability or authority to control waste disposal practices of a third-party, even if they did not take part in the decision of how, when or where the disposal would be effected.
The Court rejected the proposition that mere economic bargaining power which would permit one party to impose certain terms and conditions on another will, in and of itself, create an obligation which will constitute that party a generator or arranger. The Court analyzed the statute, and concluded that:
"..., Congress employed traditional notions of duty and obligation in deciding which entities would be liable under CERCLA as arrangers for the disposal of hazardous substances. Accordingly, this court concludes that it is the obligation to *1092 exercise control over hazardous waste disposal, and not the mere ability or opportunity to control the disposal of hazardous substances that makes an entity an arranger under CERCLA's liability provision."
The Court found that the oil companies exercised control over aspects of the dealer's businesses, but that no control was exercised over generation or disposal of waste oil; that the oil companies did not own the waste oil nor control the process by which it was generated; that leasing underground storage tanks for waste oil was insufficient to constitute oil companies arrangers; that the dealers were independent businessmen; that the oil companies did not assume responsibility for disposal of waste oil by contract; that sale of new oil to the dealers did not create an obligation to control disposition of waste oil; and that
"In fact, while the oil companies may have encouraged their dealers to sell as much of their petroleum products as they could, the uncontroverted evidence demonstrates that they did not require their dealers to perform oil changes."[10]
These subordinate findings lead to an ultimate finding that, in the absence of a contractual provision, the oil companies were under no obligation to arrange for proper disposal of waste oil collected by dealers, to the conclusion that the oil companies were not "arrangers" within the meaning of Section 9607(a)(3); and to affirmance of the grant of summary judgment.

VI.
This Court's fact specific inquiry is hampered by the peculiar posture of the evidence or lack of evidence. We glean from submissions and admissions that the station operators were independent businessmen who leased real estate and equipment from Mobil, and that each lessee conducted its business independently, subject to terms of the lease which required it to deal exclusively in Mobil products and to comply with minimum standards of cleanliness, hours of operation and similar business practices. The evidence indicates that the relationship between Mobil and its lessees was fundamentally the same as the relationship between oil companies and dealers in AAMCO, with one exception. Loren Bruce, one of the lessees, avers, by affidavit, that:
1. A Mobil representative consented to Arrowhead collecting used oil from his station, and
2. Mobil required him to perform oil changes.
We must determine whether or not the two averments are sufficient to determinatively distinguish ARMCO on its facts, and whether or not they are sufficient to raise a genuine issue of material fact which forecloses entry of summary judgment.
A disputed fact is material if it must inevitably be resolved and if the resolution may determine the outcome of the case under governing law. See, Angel v. Seattle First Nat'l. Bank, 653 F.2d 1293 (9th Cir. 1981). Applicable substantive law identifies which facts are material and which are irrelevant, and provides the criterion for categorizing factual disputes. Anderson v. Liberty Lobby, Inc., supra. A material fact dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party when the evidence is viewed through the prism of the substantive evidentiary burden. Anderson v. Liberty Lobby, Inc., supra, 477 U.S. at 248 and 254, 106 S.Ct. at 2510 and 2513.

VII.
The first averment is obviously directed towards a showing that Mobil was actively involved in the disposition of waste oil through Arrowhead. In analyzing its meaning and probative value, we must recognize that the word "consent" is imprecise and has broad and diverse connotations. Understanding the context in which the "consent" was given and the precise words used to signify consent is imperative. The phraseology of the averment expresses "consent" as a conclusion. As it stands, it is insufficient to denote active participation by Mobil in the decision to utilize Arrowhead for waste oil disposal. Reasonably construed it merely imputes knowledge of this lessee's decision to *1093 Mobil, and establishes that Mobil, with that knowledge, did not interfere with the decision. Mobil did not own the waste oil, did not control the process which generated waste oil, and there is no showing that it possessed contractual power to dictate the manner of disposition of waste oil. The averment does not tend to establish acts or actions which demonstrate responsibility, or assumption of responsibility, for the critical decision. Without more, a naked conclusory averment of "consent" to a particular disposition of waste oil does not raise a material issue of fact.
Even if the averment is seen to raise an issue of material fact, it does not raise a genuine issue. Mobil, through affidavits of three qualified persons with personal knowledge, has denied that it possessed control, or directed or decided on means of disposition of waste oil. Third-party plaintiffs have the burden of proving otherwise by a preponderance of the evidence. The averment that Mobil's representative consented to disposition of waste oil through Arrowhead is not sufficiently probative to outweigh other contrary evidence and prove that Mobil actively or passively participated in the decision. Mobil would be entitled to a directed verdict on the issue.

VIII.
The second averment is more troublesome. This averment is probably directed towards showing that Mobil was impressed with an obligation to assure proper disposal of waste oil, and that this obligation provides nexus necessary to impose generator liability on Mobil.
Mobil has remained silent on the question of whether or not it required all dealers to perform oil changes, but Mobil was under no obligation to negate that claim, if that claim is actually made. Third-party plaintiffs seek to establish that Mobil is a responsible party for waste oil generated by 30-odd stations. If third-party plaintiffs claim that all of Mobil's lessees were required to perform oil changes, and that this is a determinative factor in distinguishing AAMCO and establishing nexus, third-party plaintiffs were obligated to produce evidence from which such a universal requirement can, at least, be inferred. They have not. Only one of the three lessees upon whom they rely makes the claim, and it is reasonable to presume that had the other two been subject to the same requirement they would have echoed the claim. It is not reasonable to infer from the evidence presented that all lessees were required to perform oil changes. This Court concludes that the rationale and holding of AAMCO controls disposition of the summary judgment motion for all claims save the one based upon disposal of waste oil from the station operated by Loren Bruce.
That aside, we still must meet the issue head-on, and again refer to the rationale and holding in AAMCO. We cannot determine with absolute certainty whether or not the AAMCO Court considered the absence of a requirement that dealers perform oil changes to be the determinative factor which would outweigh all other factors of the lessor-lessee relationship which it considered. In other words, can we say that the Court, by implication, held that an oil company which required its service station dealers to change oil was automatically impressed with an obligation to exercise control over disposal of waste oil thereby produced, as a matter of law? This Court thinks not. The AAMCO Court carefully focused on the narrow question of whether or not the relationship between dealers and the oil companies impressed an obligation on the oil companies to control disposition of waste oil. In doing so, it considered all facets of the relationships between oil companies and dealers, and weighed each factor and their synergistic effect. The sole reference to the absence of a requirement that dealers perform oil changes is the terse afterthought in the context quoted, which, when read in conjunction with the statement that "... in the absence of a contractual provision to the contrary, the ... oil companies were under no obligation to arrange for disposal of waste oil....", gives no credence to a presumption that presence of the requirement would have provided the missing contractual provision and precipitated a different decision.
The full thrust of the rationale of the AAMCO Court is illuminated by its reference *1094 to cases holding that, absent actual exercise of management authority, liability will not be imposed upon an entity which merely knew about the nature of a disposal facility's operation and had power to become involved in management of the facility;[11] and the statement that "the mere existence of economic bargaining power which would permit one party to impose certain terms and conditions on another does not itself create an obligation under CERCLA." It seems fairly clear that the Court did not consider the mere power, authority or ability to control disposition of a hazardous substance sufficient to impose an obligation to exercise control, and that an obligation sufficient to constitute nexus would have to find roots in contract or other legally cognizable source.
Mobil leased service station facilities and equipment to independent businessmen, and sold useable petroleum products to the lessees. In part, the relationship between Mobil and the lessees was that of seller and purchaser of usable non-hazardous products. When put to intended use by the purchaser, the products generated hazardous substances which were within the disposal regulation of CERCLA, but, in no way, can the sale be interpreted as a sale for the purpose of ridding Mobil of hazardous substances. CERCLA liability as a generator cannot be imposed upon Mobil on the basis of this seller-purchaser relationship. Cf., Florida Power & Light Co. v. Allis Chalmers Corp., supra; Prudential Ins. Co. of America v. U.S. Gypsum, 711 F.Supp. 1244 (D.N.J.1989).
In part, the relationship was that of land-lord-tenant. The lease imposed contractual obligations upon both parties and, to an extent, governed aspects of the lessee's business operation. The lessee was obliged to comply with requirements pertaining to business practices imposed by the lease, and we will assume, arguendo, that included a requirement that oil change service be offered to the public. In all respects not specifically regulated by the lease, the lessee was free to independently operate the service station business without interference by Mobil. The generation of waste oil containing hazardous substances is inherent in the operation of a full service automobile service station, and, it follows, that disposal of waste oil generated is a fundamental and inescapable function of the operation. The terms of the lease carved spheres of the operation in which Mobil retained a voice, but none of the control over the service station business practices was concerned with waste oil disposal, an essential part of the business. It is logical to conclude that waste oil disposal was a facet of the service station operation which was exclusively within the domain of the lessee, and that we cannot find, as a matter of fact, that the contract, or an extra-contractual relationship, imposed an obligation upon Mobil to control and direct the manner of disposition of waste oil.
Can we conclude that a mere requirement that lessees perform oil changes impressed an obligation on Mobil to control and direct the manner of disposition of waste oil as a matter of law? This Court thinks not. If such obligation is imposed upon Mobil, it will also be necessary to conclude that the requirement imposed a concomitant obligation upon the lessee to submit to dictates or directions of Mobil pertaining to disposition of waste oil. Without this binding, reciprocal obligation, the obligation imposed upon Mobil would not be enforceable against the lessee. The obligation would impute power in lessor to direct and control disposition of waste oil by the lessee, but the power would be substantively empty and basically illusory. This Court finds no authority which authorizes a drastic rescripting of the lease to impose these obligations on the parties, or any merit in judicially constructing a dichotomy.
We must bear in mind that the purpose of CERCLA is to assess response costs on those responsible for problems caused by disposal of hazardous waste, and that the authority or obligation to control handling and disposal of hazardous substances is the critical factor. United States v. Northeastern Pharmaceutical & Chem. Co., supra; United States v. Consolidated Rail Corp., supra. Liability attaches only to persons who actually transact in a hazardous substance for the purpose of treatment or *1095 disposition. Edward Hines Lumber Co. v. Vulcan Materials Co., supra; United States v. Pesses, 794 F.Supp. 151 (W.D.Pa.1992). Mobil did not transact in a hazardous substance, but in virgin motor oil, which is excluded from the definition of hazardous substances. See, Title 42 U.S.C. § 9601(14). The hazardous substance was acquired by the service station when used oil was drained from a customer's car. Rough analogy can be drawn to instances in which an allegedly responsible person contracts with a third-party to manufacture or refine a product by a process in which the generation of a hazardous substance is inherent. Generator liability will be imposed upon the allegedly responsible person only if it retains ownership of the raw material during the manufacturing or refining process and can be seen to have retained authority to control work in progress and disposition of the hazardous by-product. Cf., United States v. Aceto Agr. Chems. Corp., supra; Levin Metals Corp. v. Parr-Richmond Terminal Co., supra. Here, new oil sold by Mobil, which was not a hazardous substance, replaced old oil, which may or may not have been originally sold by Mobil and which was a hazardous substance. Naturally, the retail sale of its petroleum products benefits Mobil if the retailer restocks his supply with Mobil products, but oil changes performed in the ordinary course of business primarily benefit the service station which controls the transaction and assumes ownership, or custodial possession, of the waste oil by-product. Mobil did not retain ownership of the virgin oil sold to the retailer, control the oil change process, or possess authority over disposal of the waste oil. From whence would an obligation to control deposit of used motor oil flow?
It would be nice to utilize the concept of nexus to invade the deep pockets of a major oil company and thereby conserve the Super-fund, but generator liability is not composed of a series of links in an endless chain. Liability ends with the person who made the decision on disposal, or, by virtue of ownership or control, was obligated to make the decision. Nexus must be premised upon the conduct of the party in respect to the disposal of hazardous waste. Extending the nexus concept to include a party which leases a service station and sells a product intended for use in that service station that generates a hazardous substance, but which does not possess power, or exert influence, to control disposition of the hazardous substance, skews the concept of nexus beyond recognition.
WHEREFORE, It is 
RECOMMENDED:
That the Court enter an Order granting Mobil Corporation summary judgment, and directing the Clerk of the Court to enter Judgment accordingly.
NOTES
[1] For purposes of this motion, the content of the waste material is assumed to include a hazardous substance.
[2] Defined in Title 42 U.S.C. § 9601(23), (24) and (25).
[3] The operators have also been joined as thirdparty defendants.
[4] This averment is conceded to be fact by thirdparty plaintiffs.
[5] The time period with which this litigation is concerned commences in June, 1961. Affiant's experience or knowledge of events prior to that time is of doubtful relevance.
[6] Emphasis is added to facilitate later reference.
[7] Ibid.
[8] In contrast, hazardous substance, facility, treatment, disposal and other terms are specifically defined. See, Title 42 U.S.C. § 9601.
[9] A court should not be misled by cases which indicate that ownership or possession of the waste product is necessary to liability as a generator. See, e.g., State of New York v. City of Johnstown, 701 F.Supp. 33 (N.D.N.Y.1988); C. Greene Equip. Corp. v. Electron Corp., 697 F.Supp. 983 (N.D.Ill.1988); United States v. Ward, 618 F.Supp. 884 (E.D.N.C.1985). The narrow limitation of generator liability to an owner or possessor of the waste product is contrary to the language of the statute, cannot be reconciled with cases which emphasize that the decisionmaking process as critical, and has been rejected by the Eighth Circuit. See, United States v. Aceto Agr. Chems. Corp., 872 F.2d 1373 (8th Cir.1989); also see, United States v. Northeastern Pharmaceutical & Chem. Co., 810 F.2d 726 (8th Cir.1986), cert. den., 484 U.S. 848, 108 S.Ct. 146, 98 L.Ed.2d 102 (1987); United States v. Bliss, 667 F.Supp. 1298 (E.D.Mo.1987).
[10] This statement has troublesome aspects and is set out verbatim to facilitate discussion.
[11] Citing, Levin Metals Corp. v. Parr-Richmond Terminal Corp., 781 F.Supp. 1454 (N.D.Cal. 1991).